OPINION OF THE COURT
Elrich A. Eastman, J.
Petitioner, an 18-year-old United States Marine, seeks to establish paternity of a child born out of wedlock to the respondent, Theresa L., 16 years old, on December 11, 1978, pursuant to article 5 of the Family Court Act.
The infant respondent seeks dismissal of the petition on several grounds. First, the infant respondent moves to dismiss this petition against her mother, Theresa L., on the ground that she is improperly made a party to this action. Second, dismissal of the petition is sought by the infant respondent on *580 the grounds: (1) the purpose of paternity proceedings is to fix support, which is unnecessary in this instance since the child has been surrendered for adoption; (2) a declaratory judgment is the proper action for the petitioner to seek a determination of his fatherhood.
In the alternative, the infant respondent seeks a blood grouping test at the expense of the petitioner and counsel fees in the sum of $3,500 for the defense of this proceeding.
Article 5 of the Family Court Act does not make specific provision for the procedural issue arising as a result of the representation of a minor respondent. Hence, the provisions of the CPLR shall apply to the extent that they are appropriate (Family Ct Act, § 165). CPLR 1201, pertaining to the representation of an infant or an incompetent person, provides, in part: "Unless the court appoints a guardian ad litem, an infant shall appear by the guardian of his property or, if there is no such guardian, by a parent having legal custody, or if there is no such parent, by another person or agency having legal custody, or, if the infant is married, by an adult spouse residing with the infant” (emphasis added). An infant respondent cannot appear by attorney (CPLR 321, subd [a]). The court notes that proper service was effected herein since personal service was made upon both the infant and her parent. (See CPLR 309, subd [a].) In view of the foregoing authority, the petition is dismissed against Theresa L., the mother of the infant respondent as a party, and the caption is amended to reflect her representative capacity on behalf of her daughter, the infant respondent.
 The infant respondent is mistaken in her contention that a declaratory judgment is the proper action for the petitioner to seek a determination of his fatherhood. Actions for declaratory judgments are usually brought to determine status when questions of legitimacy are involved. More often the cases reflect adjudication of this nature when the mother is married at the time of the birth of the child whose fatherhood is in dispute. (See, e.g., Matter of Salvatore S. v Anthony S., 58 AD2d 867.) The Court of Appeals has aptly stated in Krieger v Krieger (25 NY2d 364, 366) that: "The function of the declaratory judgment has commonly been understood by the profession to be to determine justiciable controversies between parties which either are not yet ripe for adjudication by conventional forms of remedy or which for other reasons are not conveniently amenable to the usual remedies” (empha *581 sis added). Here, there is no dispute regarding the status of the infant. The controversy is amenable to the usual remedy— a paternity proceeding. In the instance of a child born out of wedlock, the determination of fatherhood is made in paternity proceedings. By vesting exclusive original jurisdiction of paternity proceedings in the Family Court, the Legislature has indicated a preferred forum (Family Ct Act, §§ 115, 511). Thus, petitioner’s claim is properly before this court.
Historically, paternity proceedings were enacted to protect the public purse. (See Matter of Mildred D., NYLJ, May 3, 1979, p 14, col 1, citing Commissioner of Welfare v Simon, 270 NY 188, 192; Matter of Commissioner of Welfare of City of N. Y. v Jones, 73 Misc 2d 1014, 1016; see, also, Matter of J. [Anonymous] Children, 50 AD2d 890, 891; Matter of Roe v Roe, 65 Misc 2d 335, 337.) However, section 522 of the Family Court Act, stating: "[proceedings to establish paternity of the child and to compel support under this article may be commenced * * * by a person alleging to be the father” must be read disjunctively. Accordingly, these proceedings can be used solely for the purpose of establishing paternity.
The establishment of paternity and the issuance of an order of filiation enhance the inheritance rights of an illegitimate child (see, e.g., EPTL 4-1.2, subd a, par [2]); recovery of benefits under New York Workers’ Compensation Law (§ 2, subd 11); the Social Security Act (US Code, tit 42, § 416, subd [h], par [3], cl [A]); the Veterans’ Benefits Act (US Code, tit 38, § 101, subd [4], par [C]). Moreover, in the instant case, the infant would be entitled to serviceman’s life insurance proceeds (US Code, tit 38, § 765) and to a military allowance (US Code, tit 37, §401).
Additionally, an adjudication of paternity entitles the putative father to notice of adoption proceedings (Domestic Relations Law, § 111-a, subd 2, par [a])[1] and to an order of custody or visitation (Family Ct Act, §§ 511, 549).
The argument that petitioner’s custodial rights are protected by his filing with the Putative Father Registry established pursuant to section 372-c of the Social Services Law is, indeed, specious. The Legislature clearly intended that paternity be actually determined when it provided that the *582 Putative Father Registry shall record the names and addresses of:
"(a) any person adjudicated by a court of this state to be the father of a child born out-of-wedlock;
"(b) any person who has filed with the registry before or after the birth of a child out-of-wedlock, a notice of intent to claim paternity of the child;[2]
"(c) any person adjudicated by a court of another state or territory of the United States to be the father of an out-of-wedlock child, where a certified copy of the court order has been filed with the registry by such person or any other person.” (Social Services Law, § 372-c.)
In the adoption proceeding the filing of intent without the implementation of a paternity proceeding may evidence an abandonment of a putative father’s intention or laches. By the prompt commencement of a paternity proceeding, however, a putative father demonstrates an interest beyond mere intention.
Based upon the foregoing analysis, this court finds that petitioner’s proceeding is proper and takes jurisdiction thereof.
Respondent’s request for a blood grouping test at the expense of the petitioner is granted (Family Ct Act, § 532). The court directs that this test shall be made in the City of New York.
With respect to respondent’s request for counsel fees, this court finds the application is premature. Under section 536 of the Family Court Act, this application is properly made after the making of an order of filiation. Accordingly, counsel fees are denied without prejudice to respondent’s renewal application at the appropriate time.
Motion is dismissed in all respects as heretofore stated.

. It appears that Caban v Mohammed (441 US 380, 47 USLW 4462 [April 24, 1979]), which declared section 111 of the Domestic Relations Law unconstitutional, will affect a limited number of putative fathers. In any case, the procedures for notice indicated in section 111-a of the Domestic Relations Law would continue in effect.

. Petitioner falls within this paragraph.