■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of ELAINE MITCHELL, Appellant, v DAVID BAILEY, Respondent.—Order, Family Court, New York County, entered May 27, 1980, dismissing this paternity and support proceeding on the call of the calendar for the petitioner's assignor's failure to appear in court, unanimously reversed, on the law, the petition reinstated, and the matter remanded to Family Court for further proceedings, without costs or disbursements. The mother of the child whose paternity was sought to be established and for whom support was sought is a welfare recipient under the Federally funded program of Aid to Families with Dependent Children. As a condition of eligibility she had to assign to the State her right to support from any other person, both for herself and any other family member receiving aid, and co-operate in establishing the paternity of the child born out of wedlock for whom she had claimed aid (US Code, tit 42, § 602, subd [a], par [26], cls [A], [B]). To put this proceeding at the whim of the mother would doom one of the purposes of paternity legislation, the protection of the public purse (see *Schaschlo v Taishoff*, 2 NY2d 408). Accordingly the Legislature has made her presence dispensable. The welfare official-assignee is authorized to bring the proceeding (Family Ct Act, §§ 552, 571). When the mother is deceased, mentally ill or missing, the action does not abate (Family Ct Act, § 518). Since there are different Statutes of Limitations applicable to the mother and the welfare official, sometimes the mother might be precluded from the action when the welfare official would not (see Family Ct Act, § 517, subds [a], [b]). Recognizing that in many instances the mother's testimony might be crucial, there is, nonetheless, no requirement for her presence as a necessary party. Concur—Sullivan, J. P., Markewich, Bloom, Lynch and Carro, JJ.