OPINION OF THE COURT
Anthony F. Bonadio, J.
In this paternity proceeding, the respondent moves for a blood-grouping test pursuant to section 532 of the Family Court Act. The petitioner opposes so much of respondent’s motion which would require the local social services agency to bear the costs of the tests, and cross-moves for an order requiring the respondent’s parents to pay such costs, or, alternatively, for a hearing on their ability to pay.
At the time this proceeding was commenced, the respondent was an infant, 17 years old (Domestic Relations Law, § 2; Family Ct Act, § 119, subd [c]; CPLR 105, subd [j]; 309, subd [a]; 1201 et seq.). His parents are liable for his support until he reaches 21 (Family Ct Act, §413). Petitioner, relying on this statutorily imposed obligation and my recent decision in Matter of Russo v Hafner (100 Misc 2d 841), seeks to hold them liable for the costs of the tests requested here.
In Matter of Russo v Hafner (supra), relying on Matthews v Matthews (30 Misc 2d 681, mod on other grounds 18 AD2d 830, affd 14 NY2d 778), we held that the parents of *21 an infant respondent in a paternity proceeding could, if possessed of sufficient means, be ordered to pay for the costs of a blood test as an element of support. We believe that such a conclusion is grounded upon sound legal principles and policy considerations. Nevertheless, we are compelled to deny petitioner’s cross motion here, on procedural if not jurisdictional grounds.
Initially, we note tht the summons and petition in this matter were served on the respondent only, although CPLR 309 (subd [a]) requires service on a parent as well (Matter of John J.S. v Theresa L., 99 Misc 2d 578; but cf. Family Ct Act, § 525, subd [a]). The general rule that a party who answers or moves to dismiss without raising an objection to personal jurisdiction waives such objection (CPLR 3211, subd [a], par 8; subd [e]) is inapplicable to an infant party, who cannot appear voluntarily (CPLR 1201; 21 Carmody-Wait 2d, § 124:9). However, the respondent, represented by an attorney, has clearly made a voluntary, general appearance since reaching majority, and any service defects have thus been cured (Petker v Rudolph, 168 Misc 909, affd 258 App Div 1040).
Petitioner’s failure to serve respondent’s parents with a copy of the summons and petition remains relevant, however, to our consideration of this motion, and is but one of several factors upon which we base our decision. These factors distinguish Matter of Russo v Hafner (supra), in significant ways.
In this case, the infant respondent appeared in court with his mother, who was appointed his guardian ad litem (CPLR 1201, 1202). Although not a party to the paternity proceeding in her own right (Matter of John J.S. v Theresa L., supra), she actively participated in the case in her representative capacity, and provided him with a lawyer to defend his case. Her support of her son’s application for a blood test (the best — if not only — defense a respondent may have had prior to the statute’s recent amendment [L 1981, ch 9, eff March 2,1981]), including her willingness to provide the court with financial information, is consistent with her duties as guardian ad litem (see Siegel, New York Practice, § 69, subd a; § 193). In short, the respondent’s mother in Hafner had notice of the motion seeking to hold *22 her liable for the costs of the tests, an opportunity to be heard, and submitted voluntarily to the jurisdiction of the court.
Here, no guardian ad litem was appointed for the respondent prior to his reaching majority. His parents have never appeared with him in court, and there is an indication in the file suggesting a conflict of interest between them (which, if true, would preclude their appointment as guardian ad litem [CPLR 1201]). And, the petitioner has failed to serve a copy of these motion papers upon the respondent’s parents, the real party in opposition. We reject the petitioner’s claim that the burden to notify or “join” respondent’s parents falls only on the respondent and/or the court, and not upon him (see CPLR 1202, subd [a], par 3; Siegel, New York Practice, § 199; cf. Sarfaty v Sarfaty, 83 AD2d 748).
A brief review of article 7 of the Family Court Act reveals, by comparison, the untenability of petitioner’s position here. That article contains various provisions which seek to both compel a parent’s presence at and invite his or her participation in the delinquency proceeding (see, e.g., Family Ct Act, §§ 725, 736, 737, subd [a]; §§ 738, 741, subds [a], [c]; § 764). Notwithstanding that these sections of the Family Court Act require service of process on the parents (§§ 736, 737), and authorize the court to issue a warrant where appropriate (§§ 725, 738), the court’s authority to issue orders in the proceeding which are directed against the parent is extremely limited. Thus, an order of protection can be made under section 759 only with respect to a parent “who is before the court”. Significantly, despite a statutorily imposed, limited parental liability for certain delinquent acts (General Obligations Law, § 3-112), the court is without authority to order parental restitution, and can only require restitution by the respondent (Family Ct Act, § 758-a; Rules of the Family Ct, 22 NYCRR 2507.9 [a] [12], 2507.10 [a] [12], [b] [10], [d]).
Finally, denial of petitioner’s motion here does not leave him without a remedy. He may institute a plenary civil suit against respondent’s parents seeking reimbursement for the costs of the tests (Bazant v Bazant, 80 AD2d 310; Matter of Russo v Hafner, 100 Misc 2d 841, supra; 16 NY *23 Jur, Domestic Relations, §§594, 643; cf. General Obligations Law, § 3-112).
The respondent’s motion for a blood-grouping test is granted, and the cross motion denied.
This case is adjourned until August 20,1981, at 2 p.m. for the results of the blood-grouping test which is to be scheduled and paid for by the County of Monroe.