OPINION OF THE COURT
Ralph Diamond, J.
This appears to be an issue of first impression regarding the constitutionality of the longer Statute of Limitations contained in the recently adopted subdivision (c) of section 517 of the Family Court Act granting an alleged father the right to bring a paternity action in the Family Court.
PROCEEDING AND DEFENSE
This is a paternity proceeding brought by the alleged father against the natural mother in which he seeks an *173 order of filiation declaring paternity together with other relief. The mother seeks to have the petition dismissed on the grounds that the proceeding is barred by the Statute of Limitations and that she is not seeking support from him.
ISSUES
(a) Is subdivision (c) of section 517 of the Family Court Act (L 1976, ch 665) unconstitutional because it grants an alleged putative father the right to bring a paternity proceeding within 18 years of the birth of the child while limiting (Family Ct Act, § 517, subd [a]) the mother to two years after the birth of the child, with certain exceptions?
(b) What is the purpose of a paternity proceeding? Is it limited to determine the amount of support by an adjudicated father or is it to be the foundation of rights and responsibilities of both parents of a child born out of wedlock?
FACTS
Petitioner alleges that respondent mother gave birth to Carol Ann Schechter, out of wedlock, on April 27,1976 and that he is the father of that child. The mother, at this stage of the proceeding, has not admitted or denied that he is the father of the child. She raises the defense that the paternity petition should be dismissed because it is barred by the Statute of Limitations and that she is not seeking support and there is no likelihood that she will become a public charge.
The court set the matter down for a preliminary hearing to determine whether the petitioner comes within the exception set forth in subdivision (a) of section 517 of the Family Court Act. The uncontroverted testimony of the petitioner father is that he was present in the hospital when the child was born on April 27, 1976 and since that date till June 13, 1980, when the respondent mother prevented him from seeing the child, he has regularly supported and visited the child. Furthermore, both mother and father have acknowledged and sworn before a notary public, that the petitioner is the father of the child. The acknowledgements were made more than two years after the birth of the child.
*174 BASIS OF DETERMINING CONSTITUTIONALITY
The respondent argues that subdivision (c) of section 517 of the Family Court Act is unconstitutional because it denies her equal protection of the laws. She states that the cases hold that different treatment on the basis of sex is unconstitutional unless it serves important objectives and concludes that no important governmental objectives are served by the statutory scheme set forth in subdivision (c) of section 517 of the Family Court Act.
The guidelines to determine constitutionality in the herein circumstances are set forth in McGowan v Maryland (366 US 420, 425-426) where Chief Justice Warren said: “Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State’s objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.”
The court, therefore, must determine what was the Legislature’s objective and whether a reasonable basis existed to grant a purported father a greater period of time to originate a paternity petition than a mother.
LEGISLATIVE OBJECTIVES
Governor Carey, on approving chapter 665 of the Laws of 1976, in part, stated (NY Legis Ann, 1976, pp 400-401):
“In Stanley v. Illinois, 405 U. S. 645 (1972), the Supreme Court held that the father of an out-of-wedlock child had a substantial and cognizable interest in the custody of his child. The court required that such a father be provided with notice and an opportunity to be heard prior to a decision terminating his parental rights. * * *
“The bill requires notice of proceedings affecting the future of the child to be given to putative fathers to enable such persons to present evidence to the court relevant to the best interests of the child. * * *
*175 “[T]he bill largely accomplishes its aims of achieving finality as early as possible in a child’s life in the establishment of the rights, interests and obligations of all parties”.
It is obvious that the legislative purpose was to grant fathers of out-of-wedlock children certain substantial and cognizable rights which would be in the best interest of the child. Among those rights is the right for such a purported father to originate a paternity action within a certain period of time.
ANY REASONABLE BASIS FOR DIFFERENT ORIGINATION PERIOD?
There is no doubt that section 517 of the Family Court Act has a different Statute of Limitations for a mother (Family Ct Act, § 517, subd [a]), public welfare official (Family Ct Act, § 517, subd [b]) and a purported father (Family Ct Act, § 517, subd [c]). It is equally clear that a public welfare official is interested in protecting public funds in bringing a paternity petition and therefore the different origination period is constitutional (Matter of Commissioner of Welfare of City of N. Y. v Jones, 73 Misc 2d 1014; Matter of Jay v Wolfe, 76 Misc 2d 680; Matter of Mores v Feel, 73 Misc 2d 942). The remaining question is whether there is a reasonable basis to grant a greater period of time to a purported father than a mother?
The court finds that there is a reasonable basis to justify a different time for instituting a paternity proceeding for the following reasons:
Only a mother can physically give birth to a child. She knows from the time she becomes pregnant who is the father of the child. Even if she had sexual intercourse with more than one man during the critical period, she and she alone knows who the potential father may be. On the other hand, the man first learns about his being the father when she advises him, directly or indirectly. If the statute regarding the time to institute a proceeding was a short period she could withhold this information for that period and thus bar him from bringing a paternity proceeding in the Family Court.
The mother and purported father each seek different relief in bringing a paternity proceeding. She seeks to have a putative father who is not paying support for the child, *176 named the father of the child and an order of support granted against him. The father’s objective is to establish his right to visitation, custody and all other rights and interests the law allows, knowing that he also assumes the legal financial responsibility for the support of the child. It is reasonable to grant a purported father who wishes to assume these obligations a long period of time to institute a paternity proceeding. Furthermore, the mother may lull a responsible purported father into a sense of security in feeling that no formal court action was necessary because he was granted visitation and paying support of the child.
It is interesting to point out that depending upon the fact pattern, a mother may have the right to commence a paternity suit beyond the child’s eighteenth birthday (see Family Ct Act, § 517, subd [a]). For example, if the statute is tolled as a result of a purported father’s continuous regular support payments beyond child’s eighteenth birthday up to twenty-first birthday. Furthermore, the mother’s time to institute her proceeding is extended beyond the two years without any tolling exception, if she is under the age of 18 when the child is born; for example, if she is 13 years of age when the child is born, she can wait seven years to bring the proceeding.
As previously stated in this decision, the main purpose of adopting the herein statute was to comply with Stanley v Illinois (405 US 645, supra) granting fathers of out-of-wedlock children substantial and cognizable interest in the custody of his child. It is therefore reasonable and fitting that the Legislature in its wisdom, limited such a father’s right to institute a paternity proceeding “at any time prior to the child’s eighteenth birthday and not thereafter” because a court of this State may not order the custody of any child beyond the child’s eighteenth birthday. (Toppel v Toppel, 67 AD2d 628; Blauner v Blauner, 60 AD2d 215; Silverman v Silverman, 50 AD2d 824.) However, the mother of a child born out of wedlock, from the moment the child is born, is automatically given the custody of the child without any formal court order.
For the reasons given above, the court finds that the different period of time provided for in subdivision (c) of section 517 of the Family Court Act is not based upon the *177 basis of sex, but rather upon a reasonable basis to achieve an important governmental objective. The court therefore concludes that subdivision (c) of section 517 of the Family Court Act is constitutional.
WHAT IS THE PURPOSE OF A PATERNITY PROCEEDING?
The respondent mother seeks to have this court dismiss the purported father’s paternity petition because she is not seeking support from him and alleges that there is no likelihood that she will become a public charge. In support of her application she relies heavily upon the decision in Matter of Kordek v Wood (108 Misc 2d 434). This court respectfully, but totally, rejects the opinion and conclusions of Judge McLaughlin in that decision.
The court instead concurs with the reasoning and conclusions of Judge Eastman (Matter of John J. S. v Theresa L., 99 Misc 2d 578, 581) in which he wrote: “Historically, paternity proceedings were enacted to protect the public purse * * * However, section 522 of the Family Court Act, stating: ‘[proceedings to establish paternity of the child and to compel support under this article may be commenced * * * by a person alleging to be the father’ must be read disjunctively. Accordingly, these proceedings can be used solely for the purpose of establishing paternity.”
Judge Elwyn cited Matter of John J.S. v Theresa L. (supra) in his decision in Matter of La Croix v Deyo (108 Misc 2d 382, 382-383) stating:
“[T]he putative father of a child born out of wedlock on August 19, 1973 to Debra Campbell Deyo, now deceased, brings this paternity proceeding to have himself declared to be the father of the child so that he may have standing to seek the child’s custody (Family Ct Act, § 511) * * *
“Prior to January 1,1977, there was a conflict in authority as to whether or not a putative father could maintain a paternity proceeding. That conflict has been resolved with the enactment of chapter 665 of the Laws of 1976, effective January 1,1977, which amended section 522 of the Family Court Act entitled, ‘Persons who may originate proceedings’ by inserting the phrase, ‘by a person alleging to be the father, whether a minor or not’. There is thus no longer any *178 question as to the father’s right to maintain this proceeding”.
The amendment to section 522 of the Family Court Act was adopted at the same time as the amendment to subdivision (c) of section 517 of the Family Court Act and its aim was to achieve finality as early as possible in a child’s life in the establishment of the rights, interests and obligations of all parties. This section grants by statute a father’s right to establish paternity of the child. It grants him no greater nor lesser right than a mother or other persons therein designated to establish paternity.
Section 511 of the Family Court Act as presently amended reads: “[T]he family court has exclusive jurisdiction in proceedings to establish paternity and, in any such proceedings in which it makes a finding of paternity, to order support and to make orders of custody or of visitation, as set forth in this article.” Obviously, more than a support order can result once an order of filiation is made.
It is clear that the establishment of paternity is exclusively within the jurisdiction of the Family Court and if that court finds the male party to be the father of the child it shall make an order of filiation, declaring paternity. The granting of an order of filiation does not in and of itself grant or determine status but merely is the foundation upon which certain rights, interest and obligations of all parties may be based. One may find such rights, interests and obligations set forth in the Family Court Act, EPTL, Workers’ Compensation Law, Social Security Act (US Code, tit 42), Veterans’ Benefits Act (US Code, tit 38), Domestic Relations Law, Social Services Law, and others.
Limiting itself to the Family Court Act, the following rights, interest or obligation is created once the court makes an order of filiation: support by parent or parents (Family Ct Act, § 545); custody or visitation (Family Ct Act, § 549); order of protection (Family Ct Act, § 551).
The court, therefore, concludes that the purpose of a paternity proceeding is to determine whether the male party is the father of the child. It is a separate proceeding that may culminate with an order of filiation separate and apart from any order of support, visitation, protection, etc. *179 Therefore, neither party may have a paternity petition dismissed because he or she is not seeking support from the other and there is no likelihood either will become a public charge.
DECISION
For the reasons stated in this opinion, the court finds subdivision (c) of section 517 of the Family Court Act constitutional.
The court further finds no merit in respondent mother’s application to dismiss the herein petition to establish paternity because she is not seeking support and there is no likelihood that she will become a public charge.
The court therefore denies respondent’s motion to dismiss the herein petition.