OPINION OF THE COURT
Elrich A. Eastman, J.
Respondent has moved to dismiss the paternity petition on the grounds that the petitioner is precluded from any right of action, having assigned all rights to proceed against the respondent to the Commissioner of Social Services, and alternatively, for a hearing on the issue of paternity and should paternity be established, a second hearing on the issue of support.
On March 11, 1983, petitioner commenced a paternity action against the respondent. On March 24, 1983, petitioner began receiving public assistance. On the same day the Commissioner of Social Services, as petitioner’s assignee, commenced a second paternity proceeding against the above-mentioned respondent.
It is well settled that a paternity action is a bifurcated proceeding. “[T]he purpose of a paternity proceeding is to determine whether the male party is the father of the child. It is a separate proceeding that may culminate with *379 an order of filiation separate and apart from any order of support” (Joye v Schechter, 112 Misc 2d 172, 178).
A finding of paternity is the basis upon which certain rights and interests may be determined. Traditionally, a paternity proceeding was an action for support only. (Matter of Czajak v Vavonese, 104 Misc 2d 601.) However, recent case law has established that the interests determined in a paternity proceeding are more expansive. “It is apparent that in addition to support, an order of filiation affects the child’s status with respect to custody, visitation, adoption, foster care and inheritance rights” (Lory v DeLuca, NYLJ, July 19, 1983, p 15, col 2). Pursuant to section 522 of the Family Court Act both the petitioner and the commissioner have a right to initiate independent paternity proceedings because each party seeks a different relief. The petitioner seeks to have the putative father named the father of the child and all the other rights and interest the law allows. The commissioner’s sole interest is reimbursement for expenditures of public assistance moneys. (Social Services Law, § 349-b.)
In the instant case, clearly the interests of the petitioner are different from the commissioner’s; therefore, each is entitled to bring their own paternity proceeding.
The court must apply the Civil Practice Law and Rules to the extent they are suitable to the proceeding involved. (Family Ct Act, § 165.) Accordingly, this court holds that both actions be consolidated for trial. (CPLR 602.)
This matter is set down for trial in Part III on August 25, 1983.