OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the petition reinstated.
Petitioners, an unwed mother and her son, timely instituted this Family Court proceeding against respondent, the alleged father of the child, seeking a declaration of paternity and an order of support (see Family Ct Act, §§517, 522). On the return date Family Court dismissed the petition with prejudice. The dismissal was based upon the court’s view that prior support proceedings instituted by the Suffolk County Department of Social Services precluded petitioners’ proceeding. The first such proceeding was instituted by the Department in August 1979 after the mother applied for welfare benefits. The proceeding was dismissed in June 1980 because of the mother’s failure to appear, the Family Court Judge refusing to declare whether the dismissal was with or without prejudice. On June 25, 1980 the Department filed a second petition and at the initial court appearance another Family Court Judge dismissed it because of the prior dismissal. The *807 petitioners were not parties to either of these proceedings and thereafter instituted this proceeding in their own names, which as noted, Family Court held was barred by the disposition of the prior Department’s proceeding. The Appellate Division affirmed its order.
Traditionally, the sole purpose of a paternity proceeding was to establish the father’s obligation to make support payments. A determination of paternity or order of filiation in such a proceeding was incidental, did not adjudicate status, and was not binding on the child (Commissioner of Public Welfare v Koehler, 284 NY 260, 266-267; Matter of Salvatore S. v Anthony S., 58 AD2d 867; Matter of Melis v Department of Health, 260 App Div 772). Indeed, where the paternity proceeding was brought by welfare officials, the mother was not even a necessary party and was not bound by the result of the action (Matter of Commissioner of Social Servs. v Bailey, 79 AD2d 572; Matter of Bertrand, 100 Misc 2d 439, 441, 444-445). Thus, if support was not the primary issue, the traditional remedy was to bring a declaratory judgment action in Supreme Court to determine the status of the child and the rights of all interested parties CMatter of Kordek v Wood, 90 AD2d 209, 210; Matter of Salvatore S. v Anthony S., 58 AD2d 867, supra).
Recent statutory developments and case law have eroded this dichotomy, however. Section 522 of the Family Court Act now provides that a paternity proceeding may be commenced by the mother, by a person alleging to be the father or by a public welfare official. Each of these parties may commence a separate proceeding (Matter of Kordek v Wood, 90 AD2d 209, supra; Matter of Terese C. v Barry C., 120 Misc 2d 378; Joye v Schechter, 112 Misc 2d 172). Even if support is not at issue, the mother, the putative father and child all have an interest in a filiation order because it declares paternity (Family Ct Act, § 542) and establishes rights of inheritance (EPTL 4-1.2, subd [a], par [2]); the right to recover benefits under subdivision 11 of section 2 of the Workers’ Compensation Law and numerous Federal laws; and the right to notice of adoption proceedings (Domestic Relations Law, § 111-a, subd 2, par [a]).
Accordingly, even if petitioner mother had assigned away any right to seek support payments (see Matter of *808 Bertrand, 100 Misc 2d 439, 441, supra), she and her child still may obtain an order of filiation in the present proceeding. Neither petitioner was a party to the prior proceedings brought by the Department of Social Services, and certainly the child is in no way bound by those proceedings (Commissioner of Public Welfare v Koehler, supra).
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur in memorandum; Judge Wachtler taking no part.
Order reversed, etc.