OPINION OF THE COURT

Per Curiam.

A filiation order which makes no provision for support constitutes an order appealable as of right under section 1112 of the Family Court Act, when the paternity proceeding has not sought support, but is not appealable without permission when support was sought in the paternity petition. There should, therefore, be a reversal and remittal to the Appellate Division.
In separate petitions to establish paternity and for support, petitioner sought relief against respondent. The paternity petition asked for a declaration of paternity, an order of support and other and further relief. A separate petition, which was entitled under article 4 and sought an order of support, stated that no previous application for such relief had been made except in the paternity petition filed the same day as the support proceeding. After a hearing respondent was, by order dated January 11, 1983, declared to be the father of the child, and on the following day a temporary order of support, entitled, however, under article 4 rather than article 5 of the Family Court Act, was signed awarding temporary support, as well as counsel fees. The counsel fee award was stated in the order to have been made one half pursuant to section 536 of the Family Court Act and one half pursuant to section 438 of the Family Court Act.
The matter was then set down for hearing on March 30,1983 on the question of permanent support, and after that hearing a permanent support order was entered on May 11, 1983. From that order respondent appealed by a notice of appeal dated May 13,1983. The Appellate Division affirmed without reaching the paternity determination, holding respondent collaterally es-topped as to that question by his failure to appeal from the January 11, 1983 order. Two Justices concurring in the result would have reached the paternity question, concluding that respondent should not be deprived of the right to review of the *18 issue on the technicality that the support order “did not incorporate the filiation order” as the majority had noted. We agree with the concurring Justices and therefore reverse and remit for consideration of the paternity issue.
We have recently had reason to consider the problems arising from the fact that traditionally the sole purpose of a paternity proceeding was to establish the father’s obligation for support (Matter of Cathleen P. v Gary P., 63 NY2d 805; Matter of Sharon GG. v Duane HH., 63 NY2d 859). Recognizing that recent statutory developments have made it possible for the mother, a putative father or a welfare official to bring a support proceeding, we held in Matter of Cathleen P. v Gary P. (supra) that a mother was not barred from instituting an action for paternity and support by the prior dismissal of a support proceeding begun by a welfare official.
On similar reasoning, we conclude that although a filiation order may constitute an appealable order of disposition when the paternity proceeding does not seek support, it should not be so regarded when support is sought in the paternity proceeding, even if by a separate petition a support proceeding is commenced at the same time. So to hold conserves judicial resources by making piecemeal appeals unnecessary and does not adversely affect any party to the filiation proceeding because under section 1112 of the Family Court Act, appeal by permission is available when cause for a separate appeal of the filiation order is shown. To hold as did the majority below, on the other hand, gives too great an effect to the happenstance that two proceedings were instituted when only one need have been, particularly since in the Family Court litigants often appear pro se and proceedings are instituted on forms prescribed by the State administrator (Family Ct Act, § 214) which the clerk of the court is directed to give to any person requesting them (Family Ct Act, § 216-b) and which the clerk or a member of his staff often complete (Family Ct Act, § 216-c, and Practice Commentary thereto, McKinney’s Cons Laws of NY, Book 29A, part I, p 147).*
The order of the Appellate Division should, therefore, be reversed, without costs, and the matter remitted to the Appel *19 late Division for consideration of respondent’s appeal from the order of filiation.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order reversed, without costs, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.

 Although respondent in this case was represented by counsel, who might have protected the situation by filing a notice of appeal from the January 11,1983 order, then existing precedent had held an order of filiation to be reviewable on appeal from the order of support (Matter of Karen K. v Christopher D., 86 AD2d 633; Matter of Susan W. v Amhad Q., 65 AD2d 594, mot for lv to app den 46 NY2d 1037; see Matter of Kordek v Wood, 90 AD2d 209).