OPINION OF THE COURT
Robert L. Estes, J.
A petition against the mother of a child has been filed by William R. Moon, Commissioner of Social Services of Delaware County, purportedly on behalf of a putative father. Both the putative father and the child are alleged to be public charges.
It is apparent from the Social Services Law and the regulations promulgated thereunder, and from the Family Court Act, that such petitions are not authorized by law, and that a Commissioner of a local social services district does not have standing to commence a paternity proceeding on behalf of a putative father.
The interest of a Commissioner in proceedings to establish paternity is limited to recovering reimbursement from a responsible father for public money expended by the Commissioner for support. (Matter of Terese C. v Barry C., 120 Misc 2d 378, 379.)
The interests of a petitioning father are more expansive, and include establishment of custody or visitation rights, rights to be heard in adoption proceedings and proceedings resulting in foster care, establishment of inheritance rights and other rights and obligations which are inherent in a father-child relationship. Although the law requires an applicant for public assistance to assign his or her right to seek child support from an absent parent, the law does not require *101 a parent to assign other parental rights. (Social Services Law § 349-b.)
It is unnecessary for paternity to be established where the mother of the child is the allegedly absent parent against whom a Commissioner’s right of reimbursement is asserted. A declaration of paternity will not affect the status of the respondent as the mother of the child, nor her existing responsibility to contribute to support according to Family Court Act §413.
Moreover, the pertinent statutes and regulations suggest that the Legislature did not intend to authorize a public welfare official to petition for a declaration of paternity on behalf of a putative father.
A paternity petition must allege that the petitioner or the respondent is the father. (Family Ct Act § 523.) Here, neither the petitioning public welfare official nor the respondent mother is alleged to be the father of the child.
Special provisions relating to children born out of wedlock provide that an applicant for public benefits may be required in appropriate cases to file a petition in Family Court instituting proceedings to determine the paternity "of her child, and [that] she” shall be required to cooperate in establishing such paternity. (Social Services Law § 132-a [3]; emphasis added.) Similarly, regulations which govern units charged with child support enforcement permit initiation of paternity proceedings in appropriate cases only for the purpose of establishing a putative father’s legal obligation to support his dependent children. (18 NYCRR 347.3 [a], [b].) Such provisions are ones in which the sense of the sentences indicates that the use of words of the feminine gender should not be deemed to refer to both male and female persons. (General Construction Law § 22.) To construe the sentences otherwise would run afoul of the legislative intent that an alleged father shall not be compelled to give evidence. (See, Domestic Relations Law former § 126, as enacted by L 1925, ch 255.)
The petition will be dismissed by the court sua sponte on the ground that Family Court Act § 522 does not authorize a public welfare official to originate a paternity proceeding on behalf of a putative father. The dismissal will be without prejudice to commencement by the Commissioner of a support proceeding against the respondent mother, should he be so advised.