■ In the Matter of VIRGINIA LL., Respondent, v JOHN NN., Appellant.—Harvey, J. Appeal, by permission, from an order of the Family Court of Schuyler County (Callanan, J.), entered March 6, 1986, which, in a proceeding pursuant to Family Court Act article 5, denied respondent's motion to dismiss the petition.

The issue on appeal is whether the prior dismissal of a support proceeding which had been commenced by the Schuyler County Department of Social Services (DSS) against respondent, the alleged father of a child born out of wedlock, bars petitioner, the mother of the child, from instituting an action for paternity and support against respondent. Prior to the birth of her child, petitioner applied for public assistance from DSS. As part of the application process, she was required to provide information about the alleged father and to assign her right to support payments to DSS *(see,* Social Services Law § 349-b). DSS then filed a paternity and support petition against respondent. Respondent, petitioner and the child were subsequently ordered to submit to a human leucocyte antigen (HLA) blood test.

The test results received by DSS purported to exclude respondent as the father of the child. DSS then requested that its petition against respondent be withdrawn and Family Court, acting on the request, dismissed the petition. DSS did not seek petitioner's consent prior to withdrawing the petition since it believed that "any cause of action in paternity which [petitioner] might assert in her own right was entirely independent of [DSS'] separate filiation proceeding". Petitioner was confined to a hospital as a major surgical patient at the time DSS sought permission to withdraw its petition.

Upon learning of DSS' decision to withdraw its petition, petitioner contacted DSS several times asserting that she was absolutely sure that respondent was the father of her child. She concluded that an error must have been made in the

blood test. DSS decided that it would not pursue the matter any further. Petitioner then commenced the instant proceeding. Respondent moved to dismiss the petition upon the grounds that it was barred by res judicata and collateral estoppel. The motion was denied and this appeal ensued.

The mother of a child born out of wedlock is not a necessary party to a support and paternity proceeding brought by welfare officials (see, Matter of Commissioner of Social Servs. of City of N. Y. v Bailey, 79 AD2d 572; Matter of Bertrand, 100 Misc 2d 439, 441). When the mother is not a party to the proceeding commenced by welfare officials, the dismissal of that proceeding does not bar her from instituting her own proceeding to establish paternity (see, Matter of Cathleen P. v Gary P., 63 NY2d 805; see also, Matter of Jane PP. v Paul QQ., 64 NY2d 15, 18). This is true even if the mother has assigned the right of support payments to the local social services agency (see, Matter of Cathleen P. v Gary P., supra, p 807). Withdrawal of DSS' petition was done without petitioner's consent and despite petitioner's protestations. DSS indicated that it believed that the blood tests were conclusive and suggested that petitioner commence a private proceeding if she wished to litigate the reliability of the blood test. It is evident that petitioner was not a party to the initial proceeding nor was she afforded a full and fair opportunity to litigate her claims. Accordingly, we conclude that Family Court correctly denied respondent's motion to dismiss the petition.

Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.