■ In the Matter of SIMONE Q., Appellant, v WAYNE R., Respondent.—Main, J. P. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered June 11, 1987, which, in a proceeding pursuant to Family Court Act article 5, granted respondent's motion to dismiss the petition on the ground of res judicata.

In 1979, the St. Lawrence County Department of Social Services brought a paternity proceeding on behalf of petitioner against respondent. Following a hearing, the petition was dismissed as Family Court decided that the Department had failed to establish paternity by clear and convincing evidence. No appeal was apparently taken. Thereafter, by petition filed June 6, 1986, petitioner commenced this paternity proceeding against respondent, who moved to dismiss on the ground that the prior proceeding had resolved the issue of paternity and precluded relitigation. Family Court agreed and dismissed the petition. This appeal by petitioner ensued.

A mother is not barred from commencing a paternity proceeding where a prior proceeding commenced by local welfare officials is dismissed (see, Matter of Jane PP. v Paul QQ., 64 NY2d 15, 18; Matter of Cathleen P. v Gary P., 63 NY2d 805; Matter of Virginia LL. v John NN., 125 AD2d 843, 844). It is apparent that petitioner was not a party to the prior proceeding, at which she was not represented by her own counsel, but by Department personnel, and which was commenced by and maintained in the name of the Department. Under such circumstances, the prior adjudication is no bar to this proceeding by petitioner and reversal is warranted.

Family Court's attempt to distinguish *Matter of Cathleen P. v Gary P. (supra)* was inappropriate to the instant case. That the first proceeding therein was referred to as being for support does not refute the fact that paternity was required to be established before support is awarded and such was obviously at issue therein. Whether the dismissal of that first proceeding was with or without prejudice did not figure in the decision of the Court of Appeals, and Family Court should not have relied on this fact in the instant case. Moreover, the 1986 amendment to Family Court Act § 522 (L 1986, ch 892, § 26) declaring that the withdrawal or dismissal without consideration of the merits of a proceeding by a welfare official shall be without prejudice to other persons does not mean, as Family Court observed, that all other withdrawals or dismissals bar other persons. Such an interpretation not only goes beyond the language of the legislative enactment, but is contrary to the State's commitment to improving support collection, which was the impetus for this legislation *(see, e.g.,* Governor's Mem, 1986 McKinney's Session Laws of NY, at 3213-3214).

Order reversed, on the law, with costs, and motion denied. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.