OPINION OF THE COURT
David S. Nelson, J.
A petition was filed with this court on November 16, 1987, entitled "In the Matter of Paternity Petition of: St. Lawrence County Department of Social Services o/b/o Robin C. Hazel-ton, Petitioner, against Robert C. Porter, Respondent.” The petition seeks an order adjudging the respondent to be the father of the child born to Robin C. Hazelton on March 16, 1985. Respondent has appeared in the action with counsel and has denied the allegations of the petition.
Before the court is a motion by the respondent seeking an order (1) joining Robin Hazelton and the child, Teabra E. Porter, as parties petitioner in the proceeding; (2) appointing assigned counsel to the mother; (3) appointing a Law Guardian for the child; (4) issuing such process as might be necessary to implead the mother and child; and (5) consolidating all proceedings. An order was issued by the Hearing Examiner of this court on December 23, 1987, directing that the Department of Social Services (hereinafter referred to as DSS), the mother and the child show cause why that relief should not be granted. The mother was personally served but did not appear on the return date. No papers in opposition to the requested relief were received from DSS.
This request by the respondent comes as a result of the recent decision of the Appellate Division, Third Department, entitled Matter of Simone Q. v Wayne R. (135 AD2d 944), decided on December 10, 1987. In that case the court held that a finding, after trial, that a respondent was not the father of a subject child in a proceeding brought by a Department of Social Services was not res judicata as to a proceeding brought by the mother. Since section 522 of the Family Court Act grants the child the right to commence a paternity action as well, presumably the child’s petition would also not be affected by a determination made in the Department of Social Services proceeding. Respondent in his papers recognizes that if he is successful against DSS, the mother and child will not be precluded from subsequently filing paternity petitions against him. He argues that in the interest of judicial economy, fairness to himself, and a complete disposition of the issues in one proceeding, that the mother and child should be joined as petitioners.
*899 The court finds no provision of the Family Court Act or of the rules that prescribes procedures for joinder of necessary parties and therefore must look to the CPLR to determine if any of the CPLR provisions may be suitably applied to this proceeding (see, Family Ct Act § 165). It appears to the court that joinder is appropriate in this case. CPLR 1001 defines who should be joined in an action. Basically, individuals should be made parties where complete relief cannot be accorded to the parties in the action without their joinder or where the individuals to be joined might be inequitably affected by a judgment in the action. Here, if the mother and child are not joined as parties, the respondent may find that after defeating the petition of DSS he is still subject to a proceeding brought by either the mother or the child or both seeking the same relief being sought in the present petition. CPLR 1002 is equally applicable since this proceeding involves questions of law and fact arising out of the same occurrence and the interests of DSS, mother and child are identical in the sense that each will be seeking a finding of paternity and an order of child support.
Because joinder of the mother and child is appropriate in this proceeding, the motion will be granted. The mother, Robin C. Hazelton, and the child, Teabra E. Porter, are hereby joined as parties, and the mother, as custodial parent and natural guardian, is named to appear on behalf of the child. In the exercise of its discretion the court will appoint a Law Guardian for the child (Family Ct Act § 249).
The court will deny that portion of the motion which seeks appointment of assigned counsel for the mother. Section 262 (a) of the Family Court Act, which directs assignment of counsel in certain proceedings in this court, does not require the assignment of counsel for petitioners in paternity proceedings. Section 262 (b) of the Family Court Act permits a Judge to assign counsel if it is determined that such assignment is mandated by the Constitution of the State of New York or of the United States. An adverse ruling will not subject the mother to incarceration nor to loss of the child. Therefore, the court finds that it is not constitutionally mandated to provide an attorney to the mother free of charge. However, the mother will be advised of her right to counsel of her own *900 choosing on the next court date and will be granted an adjournment to obtain counsel should she so desire.
Attorney for the respondent is to submit an order in accordance with this decision. Personal service of said order, together with a copy of this decision and copies of all pleadings, shall be deemed sufficient process.