■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of MARIA J. SNELL, Appellant, v DAVID SNELL, Respondent.—Order of the Family Court, New York County (George Jurow, J.), dated December 19, 1990, which denied the objection of petitioner Commissioner of Social Services to an order of the Hearing Examiner dismissing the petition, is unanimously reversed on the law, the objection sustained and the petition reinstated, without costs or disbursements.

Maria Jane Snell is a recipient of benefits under the Aid to Families with Dependent Children benefits. Respondent David Snell, who is her husband and father of their minor daughter, Tracy, has failed to support his family since March of 1989. His current address is unknown to them. Maria Snell assigned her support rights to petitioner, the Commissioner of Social Services who, as assignee, then commenced a support proceeding under article 4 of the Family Court Act. Notice of the hearing, scheduled for June 25, 1990, was sent to Maria, while respondent was personally served on June 14, 1990 at his place of employment; there was also a mailing to David the next day at the same address. Service was deemed complete on the return date. When neither Maria nor David appeared on either that day or the adjourned date, the Hearing Examiner dismissed the Commissioner's petition solely because of the mother's absence. The Commissioner thereupon filed an objection to the dismissal in the Family Court, and the Judge, relying upon his own previous decision in *Matter of Thom* (F5532/87K) denied the objection. This was error. As this court stated in *Matter of Commissioner of Social Servs. of City of N. Y. v Bailey* (79 AD2d 572) in a case involving the Commissioner's attempt to establish the paternity of a child: "The mother of the child whose paternity was sought to be established and for whom support was sought is a welfare recipient under the Federally funded program of Aid to Fami-

lies with Dependent Children. As a condition of eligibility she had to assign to the State her right to support from any other person, both for herself and any other family member receiving aid, and co-operate in establishing the paternity of the child born out of wedlock for whom she had claimed aid (US Code, tit 42, § 602, subd [a], par [26], cls [A], [B]). To put this proceeding at the whim of the mother would doom one of the purposes of paternity legislation, the protection of the public purse (see, Schaschlo v Taishoff, 2 NY2d 408). Accordingly the Legislature has made her presence dispensable. The welfare official-assignee is authorized to bring the proceeding (Family Ct Act, §§ 552, 571). When the mother is deceased, mentally ill or missing, the action does not abate (Family Ct Act, § 518). Since there are different Statutes of Limitations applicable to the mother and the welfare official, sometimes the mother might be precluded from the action when the welfare official would not (see Family Ct Act, § 517, subds [a], [b]). Recognizing that in many instances the mother's testimony might be crucial, there is, nonetheless, no requirement for her presence as a necessary party."

Indeed, the Court of Appeals, in *Matter of Cathleen P. v Gary P.* (63 NY2d 805), cited *Matter of Commissioner of Social Servs. of City of N. Y. v Bailey (supra)* as authority when it declared that the mother is not a necessary party to a paternity proceeding. The court also noted that even if the mother had assigned away her right to seek support payments, she and her child could still obtain an order of filiation in the present matter as they were not parties to the prior support proceedings which had been instituted by the Suffolk County Department of Social Services. There is simply no significant distinction between paternity and support proceedings brought by the Commissioner of Social Services insofar as the mother's attendance is concerned. While the mother's testimony might be germane to the issue of whether respondent had made any support payments to her after she started receiving welfare benefits and/or the Commissioner filed the instant petition, her presence is not a condition precedent to maintenance of the petition. The purpose of the proceeding is, after all, to protect the public purse. The mother, having assigned her rights to the Commissioner, need not be in attendance to learn the outcome of the hearing. In effect, the Family Court, by denying the Commissioner's objection, unaccountably applied a higher standard to support proceedings than to paternity proceedings. In that regard, as petitioner aptly urges, since it is frequently difficult to obtain the cooper-

ation of a mother on public assistance, mandating the mother's presence would impose an unreasonable burden on the Commissioner. Consequently, the Family Court should not have denied the Commissioner's objection and dismissed the petition. Concur—Milonas, J. P., Wallach, Kassal and Rubin, JJ.