■ NORTHERN TELECOM, INC., Respondent, v VOLT INFORMATION SCIENCES, INC., et al., Appellants. [601 NYS2d 38] —Motion to vacate or stay preliminary injunction granted to the extent that the injunction is modified. Memorandum: By order entered May 13, 1993, Supreme Court granted plaintiff a preliminary injunction enjoining defendant Volt Delta Resources from employing defendant Robert Bottiglier, a former employee of plaintiff, as Vice President of Marketing for a period of one year from March 3, 1993. We conclude that the preliminary injunction is overbroad. Although Bottiglier, while employed by plaintiff, executed a nondisclosure agreement, he did not execute a noncompete agreement. Further, Supreme Court found that Bottiglier did not breach the nondisclosure agreement after leaving plaintiff's employment. Pursuant to CPLR 5518, we modify the order, pending resolution of the appeal, by limiting it to enjoin Bottiglier from disclosing proprietary and confidential information gained through his employment with plaintiff. Present—Callahan, J. P., Green, Fallon, Doerr and Boehm, JJ. (Filed June 23, 1993.)

■ In the Matter of GARY FRITZ, as Commissioner of Social Services, on Behalf of TAMMI L. TICE, Respondent, v TREVOR MURRAY, Appellant. [601 NYS2d 894] —Motion for poor person relief and assignment of counsel denied and appeal dismissed. Memorandum: No appeal lies as of right from orders of filiation entered in a proceeding in which support is sought (see, Matter of Jane PP. v Paul QQ., 64 NY2d 15). Present—Callahan, J. P., Green, Pine, Fallon and Doerr, JJ.)

■ ROY H. SACKRIDER, JR., Appellant, v SHERRY L. HAYES, Respondent. [601 NYS2d 894] —Motion for poor person relief and assignment of counsel granted. Memorandum: Respondent is entitled to poor person relief and assignment of counsel. She has demonstrated indigency and a showing of merit is not required in an appeal from a determination of custody (see, Family Ct Act §§ 262, 1120). Present—Callahan, J. P., Green, Pine, Balio and Lawton, JJ.