OPINION OF THE COURT
Michael J. Miller, J.
This matter is now pending before the court for a decision on respondent’s motion to dismiss petitioner’s paternity petition *860 on the basis of res judicata. The court has reviewed the papers submitted by both parties and has heard their oral argument in support of and in opposition to the motion. The court now holds that petitioner’s paternity petition must be dismissed on the ground of res judicata.
In May 1995 petitioner filed her paternity petition in this court seeking to have respondent declared to be the father of her 16-year-old son. She filed her current petition notwithstanding the fact that her prior 1979 paternity petition was dismissed on the merits by the Wyoming County Family Court in 1980 for lack of satisfactory evidence. Petitioner contends that the 1979 paternity petition should be treated as if filed by Department of Social Services officials thereby giving her the opportunity to proceed with her current paternity petition. She argues that she was receiving social services benefits at the time she filed the prior petition and only filed it as a requirement of receiving these benefits. She has also submitted a letter from the Wyoming County Child Support Enforcement and Collection Unit which states that it is that department’s policy to have their clients sign paternity petitions as a requirement of receiving social services. The court has also reviewed the Wyoming County file on the original paternity petition and finds that petitioner was represented by Department of Social Services in that matter. However, the court finds that it was clearly this same petitioner and not the Department of Social Services who was the petitioner in that matter. She further appeared throughout the proceedings and testified at trial.
A finding of res judicata has been held to be inapplicable only where the mother was not the petitioner in the prior paternity action. (See, e.g., Matter of Rhonda Y. v Victor Z., 198 AD2d 596 [3d Dept 1993]; Matter of Cathleen P. v Gary P., 63 NY2d 805 [1984]; Matter of Virginia LL. v John NN., 125 AD2d 843 [3d Dept 1986]; Matter of Simone Q. v Wayne R., 135 AD2d 944 [3d Dept 1987].) The court declines to extend those rulings to this fact situation where petitioner claims that the Department of Social Services forced her to institute the prior proceedings and thus should be considered the real party in interest.
The court also notes that since the Court of Appeals ruling in Matter of Cathleen P. v Gary P. (supra) the Legislature has amended Family Court Act § 522 to state specifically those situations where the termination of a paternity action *861 instituted by a public welfare official shall be without prejudice to other persons. The Governor’s Program Bill for that amendment clearly indicates that a subsequent action is intended to be allowed where the action was terminated without an adjudication on the merits not where the merits have already been fully litigated as in this case. (Governor’s Program Bill, 1986 mem para [m].)
Finally, the court finds that the dismissal of petitioner’s second paternity action is particularly appropriate where, as here, for the past 15 years both these parties have accepted the Wyoming Family Court’s ruling that respondent is not the father of this child.
In light of the above, the paternity petition now pending before this court is dismissed.