OPINION OF THE COURT
Susan R. Larabee, J.
The court has before it the petitioner’s objections to an order entered in the Child Support Enforcement Term on September 16, 1998 by Hearing Examiner Lamonte Bettis, which granted the respondent’s motion to vacate an order of support. The respondent filed a rebuttal on November 5, 1998.
After reviewing the record of this proceeding, as well as the applicable statutes and case law, this court finds that the petitioner’s objection has merit.
FACTS
The petitioner, on behalf of Sandra J., filed a petition for an order of child support against the respondent on August 16, 1989. When the respondent failed to appear at the scheduled hearing date on October 12,1989, Hearing Examiner Cira Martinez found that the summons and petition for child support had been properly served on the respondent and adjourned the matter to January 8, 1990. After the respondent failed to appear on January 8, 1990 and the subsequent adjournment date of April 3, 1990, the Hearing Examiner entered a default order of support directing the respondent to pay $58 per week for the support of the subject child.
On March 16, 1993, the petitioner filed a violation petition, and on the September 1, 1993 hearing date Hearing Examiner Lamonte Bettis (1) continued the order of support, (2) entered a money judgment in the amount of $5,144 payable to the petitioner, and (3) entered a money judgment in the amount of $174 payable to the ex-assignor, Sandra J.*
Approximately five years later on August 28, 1998, the respondent filed a motion to vacate the order of support on the ground that he was never served with the summons and petition.
At the September 15, 1998 hearing, the respondent claimed that he had served in the military overseas from January 1989 *600 through August 1992, and then had been employed in Britain from August 1992 until the present. He further claimed that he only became aware of the child support order when his application to renew his passport was rejected in August 1998.
The Hearing Examiner initially adjourned the matter to October 30, 1998 to give both the petitioner and the respondent the opportunity to prepare for the hearing by marshalling the necessary witnesses and documents, but the respondent stated that he had a plane ticket to return to Britain on September 17, 1998. When the Hearing Examiner observed that “[t]wo days is an almost impossible deadline” (hearing transcript, Sept. 15, 1998, vol I, at 17), the respondent rejoined that his flight was “set” because it was “so cheap” (id.). To accommodate the respondent, the Hearing Examiner then recalled the matter for 2:30 that afternoon over the petitioner’s objection that she could not be prepared on such short notice.
In the afternoon, the petitioner reiterated her objection to the hearing going forward, this time on the additional ground that the ex-assignor should have been served with the motion and given the opportunity to be present for the proceeding. The Hearing Examiner stated that “the interests of the Commissioner and Ms. [J.] are identical * * * [I]f the Commissioner’s action was defective, Ms. [J.] suffers the consequences” (id., at 23-24). The Hearing Examiner then heard testimony from both the respondent’s mother and brother.
At the conclusion of the hearing on September 16, 1998, the Hearing Examiner granted the respondent’s motion by vacating the order of support effective May 25, 1990 and setting the arrears due to the ex-assignor and the petitioner at zero. The Hearing Examiner did not issue a written decision.
The petitioner now objects that the Hearing Examiner erred in vacating the order of child support without ensuring that the ex-assignor was provided notice of the motion. This court agrees.
DISCUSSION
By operation of law, individuals who receive public assistance assign to the State any rights they have to support from any other person (see, 42 USC § 602 [a] [26] [A], [B]; 18 NYCRR 369.1 [d] [1]; Social Services Law § 348 [2]). Having assigned their rights to support, these individuals are not deemed necessary parties to the support proceeding (see, Family Ct Act § 571; Matter of Commissioner of Social Servs. of City of N. Y. [Snell] v Snell, 182 AD2d 474). This assignment, however, *601 extends only to support rights in existence while the individual is in receipt of public assistance (see, 18 NYCRR 369.1 [d] [3]; Matter of Kingston v Vadala, 150 Misc 2d 52, 57).
As soon as the individual ceases to receive public assistance, the assignment of support rights is automatically extinguished. Any money thereafter paid to the support collection unit pursuant to the support order would “be deemed for all purposes the property of the person for whom such money [was] paid” (Social Services Law § 111-h [4]; see, Family Ct Act § 571 [3]; 18 NYCRR 369.1 [d] [3]).
Here, Ms. J. was not receiving public assistance at the time the respondent’s motion to vacate was considered. Indeed, the record reflects that Ms. J.’s public assistance case was already closed in 1993 when the Hearing Examiner entered a money judgment in favor of both the petitioner and the “ex-assignor” (see, order, Sept. 1, 1993). Ms. J. thus had a property interest in the order of support (see, Social Services Law § 111-h [4]).
Because the respondent’s motion to vacate the order of support sought to deprive the ex-assignor of a property interest, constitutional due process concerns were implicated. As the United States Supreme Court has held, “at a minimum [due process] require [s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing” (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 313; see, US Const 14th Amend; see generally, Brody v Brody, 98 AD2d 702 [the court’s sua sponte restraint of the wife’s transfer of marital assets violated her due process rights because she was never notified that such an order was under consideration]).
This court thus finds that the Hearing Examiner erred in vacating the order of support without providing Ms. J. with any notice of the proceeding or any opportunity to be heard in violation of her due process rights.
Finally, this court holds that the Hearing Examiner erred in denying the petitioner’s application for a reasonable adjournment and requiring the petitioner to proceed without adequate opportunity to conduct discovery and investigation (see, Gombas v Roberts, 104 AD2d 521; Matter of Commissioner of Social Servs. of City of N. Y. [Hernandez] v Hernandez, docket No. F-14754/95, Nov. 13, 1995, Kaplan, J.; Matter of Commissioner of Social Servs. of City of N. Y. [Luciano] v Luciano, docket No. F-10730/87, Apr. 19, 1988, Rand, J.).
In view of the foregoing, it is hereby ordered that the Hearing Examiner shall direct service of the respondent’s motion *602 upon Ms. J., and provide her with the opportunity to be present and assert her right to collect support under the support order from the time her public assistance case closed.
It is further ordered that this proceeding is remanded to the Hearing Examiner for further proceedings consistent with this decision and order.
It is further ordered that the order dated September 16, 1998 is vacated, and the April 3, 1990 order of support is reinstated with respect to the ex-assignor and her child pending further proceedings to be conducted before the Hearing Examiner.

 The record does not reflect the exact date Ms. J.’s public assistance case closed.