■ In the Matter of MARY W., Appellant, v KENNETH L., Respondent. [692 NYS2d 287] —Order unanimously reversed on the law without costs, motion denied and petition reinstated. Mem-

orandum: Family Court erred in granting respondent's motion to dismiss the paternity petition as barred by res judicata. In 1990 Erie County Department of Social Services (DSS) filed a paternity petition that was thereafter dismissed on the ground that DSS failed to meet its burden of proof. This Court affirmed the order dismissing that petition (*Matter of Commissioner of Social Servs. [Mary W.] v Kenneth L.*, 188 AD2d 1080). Although petitioner herein (mother) was a witness in that paternity proceeding, she was not a party thereto (*see, Matter of Rhonda Y. v Victor Z.*, 198 AD2d 596; *Matter of Simone Q. v Wayne R.*, 135 AD2d 944). The mother is not barred from bringing her own paternity proceeding by the dismissal of the prior proceeding (*see, Jane PP. v Paul QQ.*, 64 NY2d 15; *Matter of Rhonda Y. v Victor Z., supra*).

Nor does the second paternity proceeding, commenced in 1996, bar this proceeding. Although the mother alleged in that proceeding that she had filed the 1996 petition in her individual capacity, the court nevertheless dismissed the 1996 petition as barred by the 1990 proceeding, determining the 1996 petition to be that of DSS and not the mother. The mother has not had a full and fair opportunity to litigate paternity, and thus the petition should not have been dismissed (*see, Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485). (Appeal from Order of Erie County Family Court, Dillon, J.—Paternity.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Balio, JJ.