LARD H., Appellant. (Appeal No. 1.) [721 NYS2d 852] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Rosa, J. (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Lawton, JJ.

■ In the Matter of JASON H. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE C., Appellant. (Appeal No. 2.) [721 NYS2d 852] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Rosa, J. (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Lawton, JJ.

■ In the Matter of ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAISY J., Respondent, v AARON S., JR., Appellant. (Appeal No. 1.) [721 NYS2d 853] —Appeal unanimously dismissed without costs (*see, Matter of Jane PP. v Paul QQ.,* 64 NY2d 15, 17). (Appeal from Order of Orleans County Family Court, Punch, J.—Paternity.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Lawton, JJ.

■ In the Matter of ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAISY J., Respondent, v AARON S., JR., Appellant. (Appeal No. 2.) [722 NYS2d 659] —Order unanimously affirmed without costs. Memorandum: Contrary to the contention of respondent, Family Court properly determined that the evidence established his paternity by clear and convincing evidence (*see, Matter of Tina P. v Craig B.,* 224 AD2d 933). The report of the HLA genetic marker test indicates that there is a 99.99% probability of paternity, and, contrary to respondent's contention, that report was properly admitted in evidence (*see,* CPLR 4518 [d]). Respondent failed to present any evidence to rebut the presumption of paternity established by the admission of the report of the test results (*see,* CPLR 4518 [d]; *see also, Matter of Commissioner of Social Servs. [Peters] v Dennis,* 250 AD2d 424, 425). Furthermore, the child's mother testified that she had sexual relations with respondent during the period of time in which the child could have been conceived (*see generally, Matter of Niagara County Dept. of Social Servs. [Yvonne W.] v David R.,* 219 AD2d 812, 812-813). Respondent further contends that he was denied effective assistance of counsel. "It is well settled that in the context of civil litigation * * * absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" (*Mat-*