In the Matter of RONALD SLOCUM, on Behalf of NATHAN A.,[1] Respondent, v JOSEPH B.,[1] Appellant.

Third Department, October 22, 1992

---

1. Fictitious names.

APPEARANCES OF COUNSEL

*Charles Weinberg,* Norwich, for appellant.

*Ronald J. Slocum, Law Guardian,* Owego, for respondent.

**OPINION OF THE COURT**

LEVINE, J.

This filiation proceeding was brought on behalf of Nathan A., born December 25, 1975, by petitioner as his court-appointed Law Guardian, to establish that respondent is his biological father and to obtain support and health insurance coverage. Respondent moved to dismiss on the ground, *inter alia,* that the proceeding was barred by res judicata. Respondent asserted that petitioner's present claim of paternity was precluded by a 1977 Family Court order dismissing a paternity petition brought by the child's mother against respondent for failure of proof, after a full hearing. Family Court denied respondent's motion, and we granted respondent permission to appeal from Family Court's ruling.

Because, concededly, the claims in the previous and present filiation proceedings are identical, the dispositive issue for purposes of determining the application of res judicata is whether Nathan should be considered in privity with his mother so as to be bound by the adverse determination against her in the prior proceeding *(see, Green v Santa Fe Indus.,* 70 NY2d 244, 253; *Watts v Swiss Bank Corp.,* 27 NY2d 270, 277).

Under current New York law, privity of a nonparty to a prior litigation with a party to that litigation refers to "a relationship with [the] party to the prior litigation such that his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation" *(D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664). Privity has also been held to exist where there is a relationship between the litigant in the current suit and the party to the prior suit "such that the interests of the nonparty can be said to have been represented in the prior proceeding" *(Green v Santa Fe Indus., supra,* at 253 [citing, *inter alia,* Restatement (Second)

of Judgments §§ 41, 42]). The Restatement (Second) of Judgments defines a limited set of circumstances in which the representative capacity of the litigant in the prior proceeding is sufficient to bind a nonparty to the final outcome of that proceeding, such as where the litigant in the prior case was acting in the capacity of a fiduciary for the nonparty (see, Restatement [Second] of Judgments § 41 [1] [a], [c]), or invested with express representational authority (see, id., at § 41 [1] [b]), or was a court-approved representative in a class action on behalf of a class of which the nonparty was a member (see, id., at § 41 [1] [e]).

We think the better rule, however, and that which is actually applied in this State as well as in a number of other jurisdictions, eschews strict reliance on formal representative relationships in favor of a more flexible consideration of whether all of the facts and circumstances of the party's and nonparty's actual relationship, their mutuality of interests and the manner in which the nonparty's interests were represented in the prior litigation establishes a functional representation such that "the nonparty may be thought to have had a vicarious day in court" (Note, Collateral Estoppel of Nonparties, 87 Harv L Rev 1485, 1499-1500 [1974]). Thus, the Court in Green v Santa Fe Indus. (supra, at 253) cited with approval Weisz v Levitt (59 AD2d 1002), in which a prior dismissal of an action brought by a public employees' union was held to preclude the subsequent assertion of the same claim by a member of that union, despite the absence of any formal representational authority of the union in the prior suit. The Court in Green noted that the concept of privity as employed in res judicata doctrine is not limited to "conventional privity" (Green v Santa Fe Indus., supra, at 254). Further, the Court of Appeals has also held that "[c]ollateral estoppel is a doctrine based on general notions of fairness involving a practical inquiry into the realities of the litigation * * *; it should never be rigidly or mechanically applied" (Matter of Halyalkar v Board of Regents, 72 NY2d 261, 268-269 [emphasis supplied]).

In the same spirit of resolving privity issues through a practical inquiry concerning the realities of the prior litigation sought to be given preclusive effect, a number of courts have held that the existence of a family relationship between the nonparty and the party to the prior litigation, a substantial identicality of their interests in the earlier suit and the adequacy of the representation of the nonparty's interests in

that suit may be sufficient collectively to establish privity *(see, Jaffree v Wallace,* 837 F2d 1461, 1467-1468; *Gerrard v Larsen,* 517 F2d 1127, 1134-1135; *Armstrong v Armstrong,* 15 Cal 3d 942, 951, 544 P2d 941, 946; *T.R. v A.W.,* 470 NE2d 95, 97 [Ind]).[2] Courts should be particularly inclined to bind the nonparty to the former litigation under the foregoing circumstances when the case at hand also presents strong policy considerations favoring the application of res judicata, i.e., the need for finality in the resolution of legal disputes, consistency in results, the avoidance of vexatious litigation and judicial economy in an overburdened court system *(see, T.R. v A.W., supra; see also, Armstrong v Armstrong, supra;* Note, *Collateral Estoppel of Nonparties,* 87 Harv L Rev 1485, 1499-1501; Comment, *Privity, Preclusion, and the Parent-Child Relationship,* 1977 BYU L Rev 612, 614).

On the other hand, actual or potential conflicts of interest in the previous litigation as between the family member who was and the family member who was not a party to the prior suit will negate the necessary element of adequate representation to establish privity *(see,* Comment, *Privity, Preclusion, and the Parent-Child Relationship,* 1977 BYU L Rev 612, 621). Thus, a paternity determination in a divorce action in which the child's mother was a party has been held not binding on the child in future paternity-related litigation in the absence of the formal appointment of independent representation of the child because a variety of self-serving motivations, financial, emotional or otherwise, may dilute or interfere with the vigor with which the mother would protect the interests of the child in the divorce action *(see, Ruddock v Ohls,* 91 Cal App 3d 271, 277-279, 154 Cal Rptr 87, 91-92). For much the same reason, compromise paternity suit settlements between the child's mother and the putative father should not be given preclusive effect on the child's right to claim paternity in subsequent proceedings, where the child lacked separate representation or at least court approval of the prior settlement *(see, Everett v Everett,* 57 Cal App 3d 65, 129 Cal Rptr 8; Comment, *Privity, Preclusion, and the Parent-Child Relation-*

2. Note also that in *Yarborough v Yarborough* (290 US 202, 210 [Brandeis, J.]), the United States Supreme Court gave res judicata effect to a Georgia divorce decree in a subsequent support proceeding brought in another State on behalf of a child of the parties. The Court held that the Georgia judgment was entitled to Full Faith and Credit (US Const, art IV, § 1), rejecting the objection that the child was not represented by a guardian ad litem in the divorce action.

*ship,* 1977 BYU L Rev 612, 635). Hence, a child should also not be bound by the outcome of a prior paternity proceeding brought by a public welfare official for the narrower, more transitory purpose of obtaining possible reimbursement for public assistance furnished the child *(see, Matter of Cathleen P. v Gary P.,* 63 NY2d 805; *Matter of Simone Q. v Wayne R.,* 135 AD2d 944; *Matter of Paternity of M.D.H.,* 437 NE2d 119 [Ind]).

In our view, however, the facts and circumstances here justify giving preclusive effect to the determination in the prior paternity proceeding brought by Nathan's mother. When that proceeding was begun in early 1976, the only persons authorized to originate filiation proceedings were a child's mother, a legal guardian, a person or agency standing in loco parentis, or a public welfare official if the mother or child was or was likely to become a public charge *(see,* Family Ct Act former § 522 [L 1962, ch 686, § 522]). It was not until a 1985 amendment to the Family Court Act that a child was authorized to originate a paternity proceeding on his or her own behalf (Family Ct Act § 522 [L 1985, ch 809, § 22]). Yet, prior to the 1985 amendment, a declaration of paternity in a filiation proceeding in Family Court, in addition to establishing the child's right to support, established the parent-child relationship status against the world for all significant purposes, including mutual rights of inheritance and the child's derivative right to workers' compensation, Federal Social Security and other benefits *(see, Matter of Cathleen P. v Gary P., supra,* at 807). Thus, the Family Court Act at the time clearly envisaged that the mother would be representing her child's interests as well as her own in the prior proceeding. The mother's filiation proceeding was prosecuted by her and her attorney through to the conclusion of a full evidentiary hearing, at which she and her sister testified, apparently as the only witnesses capable of offering probative evidence of the single alleged act of intercourse between her and respondent in March 1975. There is no suggestion by petitioner here, let alone factually inferable from the record, that the prior proceeding was not prosecuted vigorously, or that the interests of Nathan would have been better protected had a guardian ad litem been appointed for him in the prior proceeding.

Moreover, the resolution of a fully tried paternity proceeding in Family Court presents a coalescence of the various societal interests promoted by the doctrine of res judicata, particularly the need for finality, stability and consistency in

family status determinations, and for the avoidance of embarrassing, vexatious relitigation and manipulation of the Family Court fact-finding processes. For all of these reasons, we agree with those courts in other jurisdictions which have held that privity exists between mother and child in fully litigated previous paternity proceedings brought by the mother, in the absence of some showing that the child's interests may not have been fully represented in the earlier proceeding *(see, T.R. v A.W.,* 470 NE2d 95 [Ind], *supra; Ruddock v Ohls,* 91 Cal App 3d 271, 285, 154 Cal Rptr 87, 96, *supra).* Accordingly, the petition in the instant case is barred under res judicata by the prior dismissal on the merits of the earlier paternity petition.

MIKOLL, J. P., YESAWICH JR., CREW III and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.