■ In the Matter of ANGELA M. ELACQUA, on Behalf of TIFFANY DD., an Infant, Respondent, v JAMES EE., Appellant. [610 NYS2d 354] —Cardona, P. J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered August 24, 1993, which granted petitioner's amended application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent to be the father of Tiffany DD.

The mother of the child involved in this case (born in September 1976) commenced a paternity proceeding against respondent in June 1978. The petition was dismissed, before trial, on the merits and with prejudice in March 1979. In July 1990, the mother commenced a second paternity proceeding against respondent seeking the same relief. That proceeding was dismissed by a decision of Family Court dated January 14, 1991 which granted respondent's motion on the ground that the proceeding was barred by res judicata. Family Court noted that the 1978 proceeding was dismissed because the mother failed to appear for two scheduled blood tests and did not serve a bill of particulars pursuant to a preclusion order. The instant filiation proceeding was brought on behalf of the child by petitioner, her court-appointed Law Guardian. The amended petition is dated March 13, 1991 and is signed by both the Law Guardian and the child. Respondent's motion to dismiss the amended petition was denied by the Hearing Examiner. Family Court dismissed respondent's objections to the Hearing Examiner's determination and ordered a hearing at which respondent's paternity was established. Family Court referred the matter to the Hearing Examiner for a hearing on the issue of support. Respondent appeals from the order entered adjudicating respondent to be the child's father.

Initially, we note that no appeal lies of right from an order of filiation entered in a proceeding in which an order of support is requested (Family Ct Act § 1112; *Matter of Jane PP. v Paul QQ.*, 64 NY2d 15; *Matter of Beaudoin [Susan GG.] v William HH.*, 157 AD2d 995, 996). Rather than dismiss, however, we treat respondent's notice of appeal as an application for leave to appeal and grant respondent permission to appeal.

We reject respondent's contention that the child's Law Guardian lacked standing to pursue the petition on the child's behalf. Respondent's argument ignores Family Court Act § 522 which specifically authorizes "the child" to commence a paternity proceeding. In Family Court, a Law Guardian may be appointed to represent a minor child's interests *(see,* Family

Ct Act §§ 241, 249).[1] Therefore, a Law Guardian may commence a paternity proceeding on a child's behalf.[2]

We next address respondent's contention that the Hearing Examiner exceeded her jurisdiction by ruling on respondent's initial procedural motion to dismiss the petition. In a paternity proceeding a Hearing Examiner is empowered to hear and determine all matters related to the proceeding with certain statutory exceptions (Family Ct Act § 439 [a], [b]). In instances where the respondent denies paternity or defaults in appearing after the court has obtained jurisdiction over the respondent, or the acknowledgment of paternity is disputed, the Hearing Examiner may not determine the issue of paternity but must instead transfer the proceeding to Family Court (see, Family Ct Act § 439 [b]). In this case, none of the above-noted exceptions apply. Because a resolution of respondent's motion did not involve the determination of the issue of paternity, the Hearing Examiner did not exceed her jurisdiction (cf., Matter of Richardson [Willis] v Clark, 132 Misc 2d 986).

Respondent's remaining contention is that Family Court erred in denying his motion to dismiss the petition on the grounds of collateral estoppel and for res judicata. Respondent's collateral estoppel/res judicata argument distills to whether the child should be considered to be in privity with her mother so as to be bound by the dismissal of the prior paternity proceedings commenced by her mother (see, Matter of Slocum [Nathan A.] v Joseph B., 183 AD2d 102, 103, supra). Fundamental fairness and due process mandated that this child be given a full opportunity to be heard. A review of the record shows that the child was not a party nor formally represented by independent counsel in the prior proceedings. Furthermore, the prior proceedings were not fully litigated by the mother. Because the child's interests were not fully represented in the earlier proceedings, we find that privity has not been established and, therefore, res judicata does not bar this proceeding (see, supra).

Mercure, White, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

---

1. In this instance, Family Court Act § 522 prevails over CPLR 1201 (see, Family Ct Act § 165).

2. A Law Guardian was the petitioner in a recent case before this Court based upon similar facts (see, Matter of Slocum [Nathan A.] v Joseph B., 183 AD2d 102, 103).