Matter of Eby v Joseph S. (2004 NY Slip Op 50168(U))

[*1]

Matter of Eby v Joseph S.

2004 NY Slip Op 50168(U)

Decided on March 22, 2004

Family Court, Oswego County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2004

Family Court, Oswego County
In the Matter of James K. Eby (on Behalf of Malori L.), Petitioner,
against
JOSEPH S., Respondent.
Docket No. P-03297-03

James K. Eby, Esq. Attorney for Petitioner. 150 West Third Street, Oswego, NY 13126
Harlan B. Gingold, Esq. Attorney for Respondent. Macht, Brenizer & Gingold, PC, 109 S. Warren Street, Syracuse, NY 13202

David J. Roman, J.
Pursuant to §1113 of the Family Court Act, an appeal must be taken within thirty days of receipt of the order by appellant in court, thirty-five days from the mailing of the order to the appellant by the clerk of the court, or thirty days after service by a party or law guardian upon the appellant, whichever is earliest.
Pending before the Court is Respondent's motion to dismiss. The essential facts in this case are not in dispute. Petitioner's mother is Denise D. f/k/a "Denise L."; she gave birth to Petitioner on February 25, 1988. A paternity action, entitled Denise L. -v- Joseph S., was commenced in this Court, on or about August 3, 1988, upon the filing of a paternity petition by Denise L. Petitioner therein sought orders of filiation and support. An appearance was held in said proceedings, on August 25, 1988, before Hearing Examiner Stephen W. Arnold, Esq. Petitioner was present and represented herself. Mr. S. appeared with Attorney Joseph Wallen, Esq. A denial was entered on Mr. S.'s behalf, as well as his request for a blood test. The Hearing Examiner entered an order for Blood Genetic Marker Testing, dated September 9, 1988. On November 4, 1988, the Court received a written paternity exclusion report from the testing lab. Thereafter, a letter was sent to all parties, dated February 7, 1989, indicating that the test results had been received, and directing the parties to appear before the Hearing Examiner on March 9, 1989 at 11:00 a.m. The Court received a letter on said date from Attorney Michael Mowry, Esq., wherein he enclosed a "consent" for the withdrawal of the petition. Said document, captioned "In the Matter of the Petition of Denise L. vs. Joseph S., Docket No. P 214 88," reads as follows:

"I, Denise L., petitioner in the within proceeding, do hereby consent and withdraw the [*2]petition heretofore filed by me and I waive any present or future right which I may have (emphasis added) to file a new petition."
The subject document is dated March 8, 1989, and bears a signature above the printed name "Denise L.." Mr. Mowry, as notary public, attested to the identity of the subscriber to the document being Denise L.. An Order of Dismissal was entered on March 13, 1989, reading in pertinent part, as follows:

"ORDERED that the petition herein be and the same hereby is dismissed (without prejudice). upon request of the petitioner."
No further proceedings were had before the Hearing Examiner.
The instant proceedings were commenced by James K. Eby, Esq., on October 9, 2003, upon the filing of a petition which names the subject child, Malori L., as Petitioner. The Court directed the Court Clerk to substitute Mr. Eby, as the party petitioner, on behalf of said child. The rationale for doing so stems from her age, and while §522 of the Family Court Act seemingly authorizes a minor child to originate a paternity proceeding, the Court finds that a person less than 18 years of age is incapacitated by reason of their infancy, thus, not legally capable of litigating such matters on their own behalf.
Preliminary appearances were had on various dates. The Court ordered the parties to submit to DNA paternity testing on January 27, 2004. The Court received a Notice of Motion, dated February 17, 2004, seeking dismissal of the instant petition upon the ground that these proceedings are barred under the doctrine of res judicata. Said motion was filed by John D. Conners, Esq. on Mr. S.'s behalf. Since filing the motion, the Court is advised that Mr. S. is now represented by Harlan B. Gingold, Esq. Mr. Gingold filed a Notice of appearance on February 24, 2004, and indicated that he would submit a consent to change attorney form once fully executed by counsel and Mr. S.. On March 18, 2004, the Court received a reply affidavit from Mr. Eby in opposition to a dismissal, upon the ground that Petitioner, at the time of the earlier proceedings was an infant, and not independently represented by a law guardian. He further avers that the earlier court order was not a determination on the merits, inasmuch as there was no evidentiary hearing.
At issue in these proceedings is whether the instant petition is barred under the doctrine of res judicata by reason of the earlier proceedings commenced by Denise L., and ultimately discontinued upon her written request. Several cases are advanced in support of Respondent's motion. Counsel's argument is based upon the same analysis found in Slocum o/b/o Nathan A. -v- Joseph B., 183 A.D.2d 102 (3rd Dept. 1992), wherein the Court in that case reversed the trial court's denial of a similar motion. The Appellate Division held that the child's paternity petition should have been dismissed because the earlier proceedings, wherein the same putative father was determined not to be the biological father, was a determination on the merits, and the mother and child were deemed to be in privity. The analysis in the Slocum case is instructive in the case [*3]at bar. There are significant factual distinctions between the cases which render it inappropriate for this Court to permit the outcome of the 1988 paternity proceedings against Mr. S. to have preclusive effect in the instant proceedings.
In Slocum, the initial paternity application was commenced in 1976, thus, prior to the 1985 amendment of §522 which subsequently permitted a child to commence a paternity proceeding on his or her own behalf. A declaration of paternity in a filiation proceeding commenced by a child's mother, prior to 1985, not only was the predicate to establish support rights for the child, but other derivative rights such as Worker's Compensation and Social Security Benefits, et al. Therefore, the structure of the statute essentially required a mother to represent her child's interests. Another significant distinction is the fact that the underlying proceeding in Slocum was vigorously prosecuted by the child's mother. A full evidentiary hearing had been held which included testimony from the child's mother and her sister, apparently the only two witnesses who had relevant testimony to establish paternity. Following the hearing, the Family Court dismissed the mother's paternity proceeding upon a failure of proof. The Appellate Division noted that appellant did not argue, nor could it be inferred from the record that the earlier proceeding had not been prosecuted vigorously, or that Nathan's interest would have been better protected had a guardian ad litem been appointed for him in the prior proceeding.
In the case at bar, the earlier paternity proceeding was commenced in 1988, three years after the amendment to §522. Thus, the subject child would have had independent standing at that time to originate a paternity proceeding in her own right [FN1]. It cannot be said as a matter of law that the child's best interests were in privity with Denise L.'s motives for discontinuing the paternity action. More significant is the fact that no adversarial hearing took place on the instant underlying proceedings. Further, and contrary to counsel's assertion in the moving papers, there was only one court appearance, and the final dismissal order, entered on March 1989, was entered "without prejudice." The Court surmises that counsel is relying upon the parties' written "Settlement Stipulation" which is attached to Mr. Eby's petition as Exhibit "C." However, said document had not previously been submitted to the Court at that time. The only document submitted to the Court is the written consent to withdraw which states as set forth above, that Denise L. consented and requested to "withdraw" her petition, and "waive any present or future right which (she) may have to file a new petition." Nothing contained in said document affirmatively waived the rights of this Petitioner. Consequently, and for all the reasons set forth herein, the Court finds that it would be inappropriate to afford preclusive effect to the 1989 dismissal order. The subject motion to dismiss is hereby denied in its entirety.
This shall constitute the decision and order of the Court.
Enter:
[*4]
Dated: this ___ day of
Hon. David J. Roman
Judge of the Family Court
Decision Date: March 22, 2004
Footnotes

Footnote 1:Notwithstanding, the subject child was only one (1) year of age at the time of dismissal, thus, incapable of proceeding without a guardian ad litem.