■ In the Matter of JAMES K. EBY, on Behalf of MALORI R.L., Respondent, v JOSEPH E.S., Appellant. (Appeal No. 1.) [813 NYS2d 326]—

Appeal from an order of the Family Court, Oswego County (David J. Roman, J.), entered September 27, 2004 in a proceeding pursuant to Family Court Act article 5. The order adjudged that respondent is the father of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: In appeal No. 1, respondent appeals from an order of filiation and, in appeal No. 2, he appeals from an order awarding petitioner attorney's fees in the amount of $2,500. We agree with petitioner that the order of filiation is not appealable as of right because, "although a filiation order may constitute an appealable order of disposition when the paternity proceeding does not seek support, it should not be so regarded when support is sought in the paternity proceeding" (*Matter of Jane PP. v Paul QQ.*, 64 NY2d 15, 18 [1984]; *see* Family Ct Act § 1112 [a]), and here "any and all support issues" were referred to "the Hearing Magistrate" by the order of filiation. We nevertheless treat respondent's notice of appeal from the order of filiation as an application for leave to appeal from that order and, in the exercise of our discretion, grant leave to appeal (*see* § 1112

[a]; *Matter of Niagara County Dept. of Social Servs. v Randy M.*, 206 AD2d 878 [1994]).

We reject respondent's contention in appeal No. 1 that the child who is the subject of this proceeding was not entitled to commence the proceeding on her own behalf. "Proceedings to establish the paternity of the child . . . under this article may be commenced by . . . the child" (Family Ct Act § 522). We also reject respondent's contention in appeal No. 1 that this proceeding is barred by the doctrines of res judicata and collateral estoppel. Here, "the child was not a party nor formally represented by independent counsel" in the prior proceeding commenced by the child's mother, and the prior proceeding was "not fully litigated by the [child's] mother" (*Matter of Elacqua v James EE.*, 203 AD2d 688, 689 [1994]). Contrary to respondent's further contention in appeal No. 1, Family Court's finding of paternity is supported by clear and convincing evidence (*see Matter of Orleans County Dept. of Social Servs. v Aaron S.* [appeal No. 2], 281 AD2d 931 [2001]; *Matter of Ontario County Dept. of Social Servs. v Kenneth L.S.*, 242 AD2d 864 [1997]).

Respondent's contention in appeal No. 2 that petitioner failed to comply with 22 NYCRR 1215.1 and thus is not entitled to an award of attorney's fees is not preserved for our review. "An issue may not be raised for the first time on appeal . . . where[, as here,] it 'could have been obviated or cured by factual showings or legal countersteps' in [Family Court]" (*Oram v Capone*, 206 AD2d 839, 840 [1994]; *see Ring v Jones*, 13 AD3d 1078, 1079 [2004]). We reject respondent's further contention in appeal No. 2 that the court erred in awarding attorney's fees based on petitioner's failure to comply with 22 NYCRR 1400.3. 22 NYCRR 1400.1 sets forth the proceedings to which 22 NYCRR part 1400 applies, and paternity proceedings are not set forth therein.

We have considered respondent's remaining contentions in each appeal and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.