■ In the Matter of STEPHANIE C., Respondent, v ALLEN P.W.K., Appellant. [829 NYS2d 911]—In a paternity proceeding pursuant to Family Court Act article 5, the putative father appeals, by permission, from an order of the Family Court, Orange County (Kiedaisch, J.), dated May 23, 2006, which denied his objections to an order of the same court (Braxton, S.M.) dated February 16, 2006, vacated a stay of enforcement of the order dated May 23, 2006, and remitted the matter to the Support Magistrate for issuance of a new order for genetic marker tests.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court correctly determined that it had exclusive original jurisdiction over the paternity proceeding commenced by the mother against the putative father, the appellant herein (see Family Ct Act § 511; see also Family Ct Act § 461 [a], [b]; § 652 [b]). Contrary to the appellant's contention, the proceeding was not barred by the doctrines of res judicata (compare Matter of Elacqua v James EE., 203 AD2d 688, 689 [1994], with Matter of Jason H. v John C., 226 AD2d 638 [1996]; Matter of Slocum v Joseph B., 183 AD2d 102, 103 [1992]), or collateral estoppel (see Matter of Eby v Joseph E.S., 28 AD3d 1091, 1092 [2006]). In any event, the subject child would have standing to bring his own paternity petition against the appellant (id.; see Family Ct Act § 522). Schmidt, J.P., Krausman, Balkin and McCarthy, JJ., concur.